David R. Wright (#5164)
    drwright@foley.com
Alexis K. Juergens (#16861)
    ajuergens@foley.com
Nicholas D. Sauer (#19676)
    nick.sauer@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, UT 84111
(801) 401-8900

*Attorneys for Plaintiff Canyon
Landscaping, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CANYON LANDSCAPING, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br><br>GREEN CANYON LANDSCAPING, LLC, a Utah limited liability company,<br><br>    Defendant. | **COMPLAINT**<br><br><br><br>Civil Action No. __1:26-cv-70__<br><br><br><br>JURY TRIAL DEMANDED |

Plaintiff, Canyon Landscaping, LLC ("Canyon Landscaping" or "Plaintiff"), by and through its attorneys, Foley & Lardner LLP, for its Complaint and Jury Demand against Defendant Green Canyon Landscaping, LLC ("Green Canyon" or "Defendant") states as follows:

1

## NATURE OF THE ACTION

1.	This is an action for trademark infringement and unfair competition arising under 15 U.S.C. §§ 1114 & 1125 *et seq.*, Utah Code § 13-11a-101 *et seq.*, Utah Code § 70-3a-402 *et seq.*, and common law.

2.	Green Canyon has used and is using in commerce a word, term, name, symbol, or device, or a combination thereof, which is a copy or colorable imitation of a U.S. trademark owned by Canyon Landscaping.

3.	Green Canyon has also used and is using in commerce a word, term, name, symbol, or device, or a combination thereof, which is a copy or colorable imitation of a Utah trademark owned by Canyon Landscaping.

4.	This infringement of Canyon Landscaping's trademark is likely to cause, and has caused, confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, and/or approval of the landscaping goods and services offered for sale by Defendant.

5.	Defendant's conduct is willful, knowing, and/or intentional. As a result, Canyon Landscaping is entitled to recover compensatory damages, treble damages, and Defendant's profits from its unlawful conduct. Injunctive relief is also necessary to prevent Canyon Landscaping from suffering further irreparable harm. The circumstances are such that the Court should also award Canyon Landscaping its costs and attorneys' fees.

## PARTIES

6.	Canyon Landscaping is a Utah limited liability company with its principal place of business at 2906 S Highway 89, Logan, UT 84321.

2

7.    Green Canyon is a Utah limited liability company, with its principal place of business at 491 S Main St, Logan, UT 84321. Green Canyon does business in Utah, including in this District.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 and under 15 U.S.C. § 1121(a), which provides original jurisdiction in all actions arising under the Lanham Act. The Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

9.    Green Canyon is subject to personal jurisdiction in this District because it is a limited liability company incorporated in Utah and its principal place of business is in this District.

10.    Venue is proper under 28 U.S.C. § 1391 because Green Canyon is incorporated in Utah and a substantial part of the events or omissions giving rise to the claims occurred in this District. Specifically, both Plaintiff and Defendant reside and offer services in northern Utah.

## GENERAL ALLEGATIONS

**Canyon Landscaping's Business and the CANYON LANDSCAPING Trademark.**

11.    Canyon Landscaping was started in 1999 with the aim of providing quality, integrity, and value to every project with great products and superior customer service. Over 25 years later, Canyon Landscaping has earned a reputation for high quality landscape installation and maintenance services in several counties in northern Utah.

12.    Canyon Landscaping has built a loyal customer base through decades of great services and a superior product.

13.     Canyon Landscaping is the record owner of the following U.S. trademark (the "Federal Trademark"):

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| **CANYON LANDSCAPING** (word mark) | 8126729 | Feb. 3, 2026 | IC 044: Landscape gardening design for others; Landscape gardening; Landscape design; Consultancy in the field of landscape architecture; Landscape architecture services; Yard care services. |

14.     Attached as Exhibit 1 is a true and correct copy of the registration certificate for the Federal Trademark.

15.     Canyon Landscaping is also the record owner of the following Utah registered trademark (the "Utah Trademark"):

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| **CANYON LANDSCAPING** (text only) | 14223739-0190 | April 24, 2025 | Building construction; repair |

(the Federal Trademark and Utah trademark collectively referred to as the "CANYON LANDSCAPING Trademark").

16.     Attached as Exhibit 2 is a true and correct copy of the registration certificate for the Utah Trademark

17.     Canyon Landscaping's first use of the CANYON LANDSCAPING Trademark was on or before December 4, 2001. Canyon Landscaping has been continuously using the CANYON LANDSCAPING Trademark in commerce ever since, particularly in northern Utah and southern Idaho.

18.    Canyon Landscaping has extensively advertised and promoted the products and services it offers under the CANYON LANDSCAPING Trademark throughout the Cache Valley region of northern Utah and southern Idaho.  As a result of such efforts, and the considerable money spent in connection therewith, the products and services offered by Canyon Landscaping under the CANYON LANDSCAPING Trademark have been met with widespread public approval and have established demand and goodwill among consumers throughout northern Utah and southern Idaho.

### Green Canyon's Unlawful Conduct

19.    Without the consent of Canyon Landscaping, Green Canyon began offering landscape and yard care services in northern Utah under the infringing name Green Canyon Landscaping.

20.    Upon information and belief, Green Canyon was formed in or around 2017 and has been in operation "for 5+ years."[1]

21.    Green Canyon provides substantially the same landscaping services as Canyon Landscaping.

22.    Green Canyon operates in the same region of northern Utah and southern Idaho as Canyon Landscaping. Green Canyon's own website identifies its region as "Logan, Utah and the surrounding Cache Valley areas."[2]

---

[1] https://greencanyonlandscaping.com/about-us/
[2] *Id.*

**Defendant's Conduct Has Caused Consumer Confusion**

23.    Green Canyon's logo puts emphasis on the word "Canyon" in its advertising ("the Logo"), which draws a customer's attention to the word "Canyon" in conjunction with "Landscaping":

24.    As a result, Green Canyon's use of "Canyon" in connection with landscaping products and services is likely to cause, and has caused, consumer confusion in northern Utah, southern Idaho, and beyond.

25.    For example, in or around June of 2024, a representative of a homeowners' association called Canyon Landscaping to inquire about work recently undertaken in the neighborhood. A representative of Canyon Landscaping confirmed that it had not performed any work in that neighborhood recently, to which the representative replied apologetically and expressed that there are so many "Canyon" landscape companies that it is easy to mix them up.

26.    Further, on or around April 8, 2025, a customer of Canyon Landscaping was discussing a project with an employee of Canyon Landscaping in the customer's front yard. As the two talked, a Green Canyon truck drove by, with the Logo plastered on the side of it, with the customer remarking "there goes your guys looking for you!" The consumer mistakenly confused the Green Canyon truck for a Canyon Landscaping truck.

27.    Further, on or around April 11, 2025, a consumer mistakenly called Canyon

6

Landscaping to discuss a quote she had received. The quote had actually come from Green Canyon, and the consumer mistakenly called Canyon Landscaping instead.

28. Further, on or around April 21, 2025, a different consumer called Canyon Landscaping looking to receive an estimate from Green Canyon. He mistakenly called Canyon Landscaping because he had confused the two entities.

29. Further, on or around April 24, 2025, a consumer called Canyon Landscaping upset that she had not received a quote within the timeframe promised. After a brief conversation it was revealed that she was promised a quote from Green Canyon, not Canyon Landscaping, and she had confused the two entities.

## Defendant's Willful Infringement

30. Green Canyon's conduct is willful and intentional.

31. Several years ago, soon after Green Canyon was created, the founder and owner of Canyon Landscaping bumped into the founder and owner of Green Canyon while at a gas station. The founder and owner of Canyon Landscaping conveyed to the founder and owner of Green Canyon that he was not comfortable with Green Canyon infringing the name of Canyon Landscaping and that Green Canyon needed to rebrand. The founder and owner of Green Canyon conveyed that he would rebrand, but never did.

32. In addition, Canyon Landscaping sent a demand letter to Green Canyon on or about March 10, 2026, demanding that Green Canyon cease its infringing conduct.

33. Green Canyon has yet to provide a substantive response and has not stopped its infringing conduct.

7

## COUNT I:
## LANHAM ACT TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

34.    Canyon Landscaping repeats and realleges the preceding paragraphs as though fully set forth herein.

35.    Canyon Landscaping owns a valid and protectable trademark, the Federal Trademark.

36.    Defendant is using a word mark confusingly similar to the Federal Trademark in the United States in connection with its landscaping services without authorization or consent from Canyon Landscaping, the exclusive owner of the Federal Trademark.

37.    Defendant's unauthorized use of its infringing mark(s) has already caused confusion and is likely to continue causing confusion, mistake, or deception as to the source or sponsorship of Green Canyon's products and services.  As a result of Defendant's unauthorized infringement of the Federal Trademark, the public is likely to believe that Defendant's goods and/or services have been approved or are being offered by Plaintiff.

38.    Defendant's conduct has resulted in irreparable harm to Canyon Landscaping, depriving Canyon Landscaping of its exclusive right to determine the manner in which the Federal Trademark is represented to customers and to control the quality of goods and services identified with the mark in the U.S., which damage is difficult or impossible to quantify.

39.    The acts committed by Defendant has been committed with knowledge that the acts would cause confusion, mistake, or deceit.

40.    By engaging in the conduct described herein, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

8

41.    The Defendant's acts have damaged and will continue to damage Canyon Landscaping, which has no adequate remedy at law.

42.    Defendant's intentional and calculated acts of infringement will cause further irreparable harm to Canyon Landscaping if Defendant is not restrained by this Court from further violation of Canyon Landscaping's rights.

43.    Defendant's conduct is an infringement of the Federal Trademark in violation of 15 U.S.C. § 1114(1).

44.    In addition to recovery of its damages and the Defendant's profits and/or statutory damages from infringement of the Federal Trademark, Canyon Landscaping is entitled to treble damages, prejudgment interest, attorneys' fees, and costs under the Lanham Act pursuant to 15 U.S.C. § 1117.

**COUNT II:**
**VIOLATION OF UTAH CODE § 70-3a-402 *et seq.***

45.    Canyon Landscaping repeats and realleges the preceding paragraphs as though fully set forth herein.

46.    Canyon Landscaping owns a valid and protectible trademark, the Utah Trademark.

47.    Defendant is using a word mark that is a colorable imitation of the Utah Trademark in connection with the offering for sale or advertising of goods or services.

48.    Canyon Landscaping has not consented to Defendant's use of its infringing word mark.

49.    Defendant's use of its infringing word mark has already caused confusion and is likely to continue causing confusion, mistake, or deception as to the source of origin, nature, or quality of its goods or services. As a result of Defendant's unauthorized infringement of the Utah

9

Trademark, the public is likely to believe that Defendant's goods and/or services originate from, have been approved by, or are being offered by Canyon Landscaping.

50.     Defendant's conduct has resulted in irreparable harm to Canyon Landscaping, depriving Canyon Landscaping of its exclusive right to determine the manner in which the Utah Trademark is represented to customers and to control the quality of goods and services identified with the mark in Utah, which damage is difficult or impossible to quantify.

51.     The acts committed by Defendant has been committed with knowledge that the acts would cause confusion, mistake, or deceit.

52.     By engaging in the conduct described herein, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

53.     The Defendant's acts have damaged and will continue to damage Canyon Landscaping, which has no adequate remedy at law.

54.     Defendant's intentional and calculated acts of infringement will cause further irreparable harm to Canyon Landscaping if Defendant is not restrained by this Court from further violation of Canyon Landscaping's rights.

55.     Defendant's conduct is an infringement of the Utah Trademark in violation of Utah Code § 70-3a-402.

**COUNT III:**
**VIOLATION OF UTAH CODE § 13-11a-1 *et seq.***

56.     Canyon Landscaping repeats and realleges the preceding paragraphs as though fully set forth herein.

57.     Defendant's conduct, as alleged above, is causing and is likely to cause confusion or misunderstanding as to the source, sponsorship, affiliation, connection to, or association with

10

Canyon Landscaping, in violation of Utah Code § 13-11a-1 *et seq.*

58.    By its conduct, Defendant has caused Canyon Landscaping irreparable harm, damage, and injury to the value and goodwill Canyon Landscaping has built in the CANYON LANDSCAPING Trademark, as well as to Canyon Landscaping's business, goodwill, and reputation.

59.    Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

60.    As a result of the foregoing, Canyon Landscaping is entitled to injunctive relief, damages, and attorney's fees.

61.    Furthermore, Canyon Landscaping is entitled to three times the amount of actual damages sustained due to Defendant's bad faith conduct.

## COUNT IV:
## FALSE ADVERTISING 15 U.S.C § 1125

62.    Canyon Landscaping repeats and realleges the preceding paragraphs as though fully set forth herein.

63.    Canyon Landscaping has a valid and protectable right in the CANYON LANDSCAPING Trademark.

64.    Defendant has used in commerce a reproduction, counterfeit, copy, or colorable imitation of the CANYON LANDSCAPING Trademark in connection with the services that Defendant's offer.

65.    Defendant's advertising, that incorporates the infringing Green Canyon mark, misleads consumers to inaccurately believe that Canyon Landscaping and Defendant are affiliated, connected, or associate with one another.

11

66.    Defendants' acts have caused Canyon Landscaping damages and Canyon Landscaping is entitled to judgment pursuant to 15 U.S.C. § 1117.

67.    Canyon Landscaping is entitled to an award of punitive and/or treble damages for at least three times the amount of Canyon Landscaping's profits or Canyon Landscaping's damages, whichever is greater, due to the nature of Defendants' wanton and willful conduct.

## DEMAND FOR JUDGMENT

WHEREFORE, Canyon Landscaping demands judgment against Defendant and in favor of Canyon Landscaping as follows:

1.    A permanent injunction enjoining the Defendant, its agents, servants and employees, and those people in active concert or participation with them from:

a)    distributing, offering for sale, advertising, and/or selling landscaping products or services or any other goods or services that infringe the CANYON LANDSCAPING Trademark;

b)    Using the CANYON LANDSCAPING Trademark or any trademark, service mark, logo or trade name that is confusingly similar to the CANYON LANDSCAPING Trademark in the U.S;

c)    Otherwise infringing the CANYON LANDSCAPING Trademark or using any similar designation, alone or in combination with any other components in the U.S.;

d)    Passing off any of Defendant's products or services as genuine CANYON LANDSCAPING products or services that emanate from Canyon Landscaping;

e) Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendant's businesses, products, or services;

f) Causing a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, or association with Canyon Landscaping and its authorized dealers; and

g) Unfairly competing with Canyon Landscaping or its authorized dealers in any manner.

2. That this Court, pursuant to 15 U.S.C. § 1118 and equity, order that all labels, signs, prints, packages, wrappers, receptacles, pictures, websites and advertisements in the possession or under the control of Defendant bearing any mark, word, designation, name, or domain name that is confusingly similar to the CANYON LANDSCAPING Trademark, shall be delivered to Canyon Landscaping and destroyed;

3. An order that the Defendant be required to file with the Court and to serve upon Canyon Landscaping's counsel within ten (10) days after entry of any injunction order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

4. That Defendant be required to account to Canyon Landscaping for any and all benefits or profits derived by Defendant from the use of any name or mark incorporating any mark, word, designation, name, or domain name that is confusingly similar to the CANYON LANDSCAPING Trademark, including the sale of any and all products or services associated with any such name or mark, and for all damages sustained by Plaintiff by reason of said acts of unfair competition, false designation of origin, and/or other illegal acts complained of herein to the full

extent permitted by 15 U.S.C. §§ 1117 and 1125; Utah Code § 13-11a-101 et seq.; and Utah common law;

5.      An award of the costs and expenses, including reasonable attorney's fees, incurred by Canyon Landscaping in connection with this action as provided for by statute;

6.      Monetary damages;

7.      Exemplary, punitive and treble damages;

8.      That pre-judgment and post-judgment interest be awarded to Canyon Landscaping; and

9.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Canyon Landscaping respectfully requests a trial by jury on all issues so triable.

Dated: May 15, 2026

Respectfully submitted,

*/s/ Alexis K. Juergens*

Alexis K. Juergens
ajuergens@foley.com
David R. Wright
drwright@foley.com
Nicholas D. Sauer
nick.sauer@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, UT 81111
(801) 401-8900

***Attorneys for Plaintiff Canyon Landscaping, LLC***

14